UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| COURTNEY LYNN LUCAS, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 2:06CV12 JCH |
| ) | |
| CORRECTIONAL MEDICAL SERVICES, ) | |
| et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Correctional Medical Services' Motion to Dismiss, filed May 4, 2006. (Doc. No. 14). Plaintiff has not responded to the motion.

By way of background, Plaintiff Courtney Lynn Lucas, now released, formerly was incarcerated at the Women's Eastern Reception, Diagnostic and Correctional Center ("WERDCC"). In her Complaint, filed March 8, 2006, Plaintiff seeks monetary damages for Defendant's allegedly unconstitutional failure to respond to her need for medical attention. Plaintiff originally sued both Correctional Medical Services ("CMS"), and the Missouri Department of Corrections ("MDOC"). In an Order entered April 13, 2006, however, this Court dismissed Plaintiff's claims against the MDOC. (Doc. No. 7). CMS now asserts it too must be dismissed. Specifically, CMS maintains Plaintiff cannot establish the necessary causal link between its actions and the alleged unconstitutional treatment, because Plaintiff fails to identify any CMS policy or custom responsible for her alleged injuries.

In ruling on a motion to dismiss, the court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A cause of action should not be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim unless, from the

face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982) (internal quotations and citation omitted).

As stated above, in its sole argument in favor of dismissal, Defendant CMS maintains Plaintiff fails to state a claim against it under Section 1983, because she fails to allege any CMS policy or custom responsible for Plaintiff's alleged injuries. The Eighth Circuit has held that a claim against a corporate defendant under a theory of *respondeat superior* is not cognizable under § 1983. Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975 (8th Cir. 1993). Rather, "a corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies." Id. at 975-76 (citation omitted); see also Dashley v. Correctional Medical Services, Inc., 345 F.Supp.2d 1018, 1021 (E.D. Mo. 2004). "The proper test is whether there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983." Sanders, 984 F.2d at 976 (citation omitted).

Upon review, the Court finds Plaintiff here has not alleged that CMS had a policy or custom for which it could be held liable under § 1983. Sanders, 984 F.2d at 976. Rather, Plaintiff describes discreet actions taken by CMS employees, without alleging how those instances relate to an official CMS policy or practice. Dashley, 345 F.Supp.2d at 1022. Thus, "given the inability to rely on *respondeat superior*, [Plaintiff] is foreclosed from asserting liability for any alleged indifferent act committed by a CMS employee." Id.; see also Johnson v. Hamilton, 2006 WL 1816450 at *3 (8th Cir. Jul. 5, 2006). Defendant CMS' Motion to Dismiss on this basis must therefore be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Correctional Medical Services' Motion to Dismiss (Doc. No. 14) is **GRANTED**, and Plaintiff's claims against CMS are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint in this matter (Doc. No. 3) is **DISMISSED**. An appropriate Order of Dismissal will accompany this Memorandum and Order.

Dated this 18th day of July, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE